IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED DOE, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1458 (ESH) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| NABIL (Last Name Unknown), *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1504 (RMC) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ABBAR SUFIAN AL HAWARY, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1505 (RMC) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

|   |   |   |
|---|---|---|
| SHAFIIQ (Last Name Unknown), *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1506 (RMC) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

|   |   |   |
|---|---|---|
| SADAR DOE, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1704 (JR) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

|   |   |   |
|---|---|---|
| MUHAMMED QASIM, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1779 (JDB) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' MOTION FOR CLARIFICATION OR,
IN THE ALTERNATIVE, RECONSIDERATION, OF THE
COURT'S NOVEMBER 4, 2005 ORDER TO SHOW CAUSE**

Respondents respectfully request that the Court clarify its November 4, 2005 Order to Show Cause in the above-captioned cases. Although the Court granted respondents' motions and required petitioners to show cause "why their petitions should not be dismissed for lack of jurisdiction," the Court also ordered that the parties consult with Magistrate Judge Kay regarding how counsel for petitioners may "obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly." See Order to Show Cause dated November 4, 2005 (Oberdorfer, J.). Because counsel already have access to the detainees through the mail system, and because visits to Guantanamo Bay or other privileged access are inappropriate until the Court's jurisdiction over this action has been established, respondents are unclear as to what the Court intended should be the scope of the parties' discussions with Magistrate Judge Kay. If the Court intended for respondents to provide access to the detainees beyond that which is already available to counsel for petitioners while the question of whether the Court has jurisdiction over these actions is pending, respondents request that the Court reconsider its November 4, 2005 Order and stay the final paragraph of the Order until the jurisdictional issue is resolved.

**ARGUMENT**

Respondents filed motions for order to show cause in certain recently-filed Guantanamo Bay detainee habeas cases, including the above-captioned cases, in which detainees are attempting to seek habeas relief on behalf of other detainees and have failed to satisfy the requirements for next friend standing articulated by the Supreme Court in Whitmore v. Arkansas,

- 1 -

495 U.S. 149 (1990).  On November 4, 2005, Senior Judge Louis F. Oberdorfer[1] granted

respondents' motions in the above-captioned cases and required petitioners to show cause by

November 18, 2005 "why the petition should not be dismissed for lack of jurisdiction."  See

Order to Show Cause at 5.[2]  As the Court noted in its Order, the Supreme Court recognized "two

firmly rooted prerequisites" that must be satisfied in order to establish next friend standing:

> First, a "next friend" must provide an adequate explanation — such
> as inaccessibility, mental incompetence, or other disability — why
> the real party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the "next friend" must be truly
> dedicated to the best interests of the person on whose behalf he
> seeks to litigate, and it has been further suggested that a "next
> friend" must have some significant relationship with the real party
> in interest.

Order to Show Cause at 3 (quoting Whitmore, 495 U.S. at 163-64 (citations omitted)).  Thus, the

putative next friend petitioners in the above-captioned cases must (1) provide an "adequate

explanation" why the detainees for whom habeas relief is purportedly sought "cannot appear on

[their] own behalf," and (2) demonstrate that they have a "significant relationship" with these

detainees to show that they are "truly dedicated to [the detainees'] best interests," see id., before

the Court can exercise jurisdiction over these actions.  See id. at 3 ("[A] court does not have

jurisdiction over a case if the party filing the suit does not have standing.").

---

[1]  Respondents' motions in the above-captioned cases were transferred to Judge
Oberdorfer for consideration and decision pursuant to LCvR 40.6(a).  See Order to Show Cause
at 3, n.2.

[2]  The Court also provided respondents the opportunity to respond to petitioners'
submissions by November 28, 2005, and scheduled a hearing for December 5, 2005.  See Order
to Show Cause at 5.

Even though the Court granted respondents' motions for order to show cause and determined that the putative next friend petitioners must demonstrate proper standing to sue before the Court can exercise jurisdiction over these cases, the Court also ordered

> that Petitioners and Respondents consult with Magistrate Judge Kay as soon as is practicable (but in any event before the hearing) to discuss how counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly.

Order to Show Cause at 5. Respondents seek clarification as to the scope of this consultation, which appears to be inconsistent with the portion of the Court's order granting respondents' motions for order to show cause.

One of the fundamental bases for respondents' motions for order to show cause is that detainees at Guantanamo Bay are able to access the Court themselves and, therefore, generally do not require next friends to seek habeas relief on their behalf.[3] Detainees at Guantanamo Bay already have access to the Court through the mail collection and delivery system administered by the U.S. Military. See Exhibit D to Declaration of Frank Sweigart (attached to Respondents' Motions for Order to Show Cause). Counsel were able to send mail to the detainees at issue prior to the filing of an alleged next friend petition to "determine if the detainees will authorize counsel to represent them directly." Any direct authorizations would have resulted in the filing of directly authorized petitions for writs of habeas corpus instead of apparently deficient next friend petitions. Alternatively, counsel have had the opportunity to send mail to the detainees

---

[3] In its Order to Show Cause, the Court recognized that "[p]etitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court." Order to Show Cause at 4.

purporting to act as next friends (or to contact these detainees through their own counsel) in order

to determine if there is an "adequate explanation" why the detainees for whom the next friend

purports to act cannot seek such relief themselves, though scores of detainees already have

sought their own relief from the Court.  See Sweigart Decl., ¶ 6 (stating that there have been at

least 55 *pro se* petitions mailed by detainees to the Court).  To require that counsel instead

become entitled to some sort of special access to detainees whom they do not properly represent

simply through the filing of an apparently deficient next friend petition would eviscerate the

purpose of the Whitmore next friend standing requirements and respondents' motions for order

to show cause.  Unless the Court determines that it can exercise jurisdiction over these actions,

*i.e.*, that the putative next friend petitioners have established that the detainees for whom they

attempt to seek habeas relief cannot access the Court themselves and that the next friend

petitioners have a significant relationship with these detainees, special methods of access to

detainees are inappropriate.

On the other hand, if the Court finds that petitioners have standing to sue, entry in these

cases of the Protective Order that has been entered in other Guantanamo detainee habeas cases

would provide the means for counsel to access the properly represented detainees in a privileged

manner, including through counsel visits and privileged legal mail channels, consistent with the

terms of the Protective Order.  See Amended Protective Order and Procedures for Counsel

Access to Detainees at the United States Naval Base at Guantanamo Bay, Cuba in In re

Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).

Accordingly, there is no need for any consultation or discussion with Magistrate Judge

Kay or otherwise on the subject of how counsel for petitioners may obtain special access to

- 4 -

detainees at Guantanamo Bay — after the Court has considered the parties' submissions and has held a hearing on the issue of whether the next friend standing requirements (including the inability of detainees to access the Court themselves) have been satisfied in these cases, the Court should either dismiss the petitions, or if proper next friend standing is found, enter the Protective Order in these cases, which will provide counsel with access to properly represented detainees at Guantanamo Bay.  An interim hearing before Magistrate Judge Kay regarding special access to detainees is unnecessary.

<u>**CONCLUSION**</u>

For the reasons stated, the Court should clarify the portion of its November 4, 2005 Order to show cause requiring that the parties consult with Magistrate Judge Kay regarding counsel access to detainees at Guantanamo Bay, given that counsel already have access to detainees through the mail system, and that other access is inappropriate until it is established that the Court has jurisdiction over this action and that the detainees are properly represented by counsel. Alternatively, for all the reasons set forth above, the Court should reconsider any determination that intends respondents to provide special access to the detainees while the question of whether the Court has jurisdiction over these actions is pending, and stay the final paragraph of the Order until the jurisdictional issue is resolved.

Dated: November 14, 2005                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            KENNETH L. WAINSTEIN
                                            United States Attorney

- 5 -

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents