IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUHAMMED QASIM,<br>    *Petitioner/Plaintiff*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents/Defendants*. | Civil Action No. 05-CV-1779<br>(JDB) (LFO) (AK) |

## MOTION TO ENFORCE ORDER OF NOVEMBER 4, 2005 GRANTING ACCESS TO COUNSEL AND FOR ENTRY OF PROTECTIVE ORDER

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioner, together with his Next Friend, by and through undersigned counsel, shall move to enforce this Court's Order dated November 4, 2006 granting access to counsel and for an order for the entry of the Amended Protective Orders as set forth in the accompanying Memorandum in Support of Petitioners' Motion.[1]

Dated: April 11, 2006
       New York, New York

                                    Respectfully submitted,
                                    Counsel for Petitioners:

                                    By:
                                    /s/_____
                                    Barbara J. Olshansky
                                    Gitanjali S. Gutierrez
                                    CENTER FOR CONSTITUTIONAL RIGHTS
                                    666 Broadway, 7th Floor
                                    New York, New York 10012
                                    (212) 614-6485

---

[1] This motion is properly referred to Judge Oberdorfer or, alternatively, Magistrate Judge Alan Kay for consideration pursuant to the Order of the Calendar and Case Management Committee, Kessler, J., Chair (hereinafter "Kessler Order"), referring "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" for resolution pursuant to LCvR 72.2(a), as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel." Kessler Order, Nov. 2, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHHAMED QASIM,
    *Petitioner/Plaintiff,*

v.

GEORGE W. BUSH, *et al.*,
    *Respondents/Defendants.*

Civil Action No.
05-CV-1779 (JDB) (LFO) (AK)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO ENFORCE ORDER OF NOVEMBER 4, 2005 GRANTING ACCESS TO COUNSEL AND FOR ENTRY OF PROTECTIVE ORDER

Petitioner respectfully requests that the Court enforce its Order to Show Cause, dated November 4, 2005 (Oberdorfer, J.) [dkt. no. 6] ("Nov. 4, 2005 Order"), attached as Exhibit A, affording counsel access to Petitioner and that the Court enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order")[2] first issued on November 10, 2004 in the *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g., Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-2370 (D.D.C., Mar. 17, 2006); *Wahab v. Bush*, 05-886 (D.D.C., Jan. 10, 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006).

---

[2] The Amended Protective Order includes the following orders entered in *In re Guantánamo Detainee Cases*: Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

On November 4, 2005, this Court ordered that "Petitioners and Respondents consult with Magistrate Judge Kay as soon as it is practicable (but in any event before the hearing) to discuss how counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly." Nov. 4, 2005 Order at 5. Between November 2005 and March 2006, the parties have conducted three status conferences before Judge Kay. Pursuant to the Court's instructions, the undersigned counsel met with three English-speaking detainees who helped numerous fellow detainees obtain an attorney. *See Adem v. Bush, et al.*, Civil Action No. 05-723, memo op. at 12-13 n. 14 (D.D.C. March 14, 2006) (Kay, J.). The interviews with these detainees evidenced the close relationship among the men imprisoned at Guantánamo, as well as the significant difficulties the detainees face in obtaining legal assistance. *See* Exhibit B, Declaration of Gitanjali S. Gutierrez (Al-Rawi); Exhibit C, Declaration of Gitanjali S. Gutierrez (Kiyemba); Exhibit D, Declaration of Gitanjali S. Gutierrez (Kabir).[3] After five months of negotiations, the Respondents still refuse to afford the undersigned counsel's direct access to Petitioner Qasim pursuant to the Nov. 4, 2005 Order and the Amended Protective Order. Accordingly, Petitioner is entitled to enforcement of this Court's Nov. 4, 2005 Order granting him the right to discuss whether he desires the undersigned counsel to represent him directly.

Petitioner is also entitled to entry of the Amended Protective Order to facilitate his access to counsel. In *Al Odah, et al. v. Bush, et al*, 346 F.Supp.2d (D.D.C. 2004), the Court held that individuals detained in Guantánamo have the right to access their counsel, and that this Court has the authority to "craft the procedures necessary" to enforce this right. *Id.* at 7; *see also Adem*,

---

[3] Counsel for Petitioner Qasim has not yet met with Mr. Isa Al Murbati, the detainee-Next Friend in this matter. In the present motion, counsel do not address Mr. Al Murbati's standing as a next friend, but seek only to enforce this Court's Nov. 4, 2005 Order providing direct access to Petitioner Qasim. As this Court stated in *Adem*, "even if [Petitioner] Adem's petition has been filed through Al-Rawi as a 'next friend,' the Protective Order would still require that counsel be permitted to meet with Adem in order to confirm his desire for representation." *Adem*, mem. op. at 28.

2

mem. op. at 8. The government conditions petitioners' right to access to existing *pro bono* and assigned counsel upon entry of the Amended Protective Order, and undersigned counsel are prohibited from meeting with Petitioner Qasim until the Amended Protective Order is entered. In the absence of an order by this Court, counsel are also prohibited from sending or receiving legal mail from Petitioner and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship. Entry of the Amended Protective Order would afford the undersigned counsel the opportunities provided counsel in other pending Guantánamo Bay detainee cases to visit Petitioner at Guantánamo and to send him privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order. Like the petitioner in *Adem*, Petitioner Qasim,

> who has been detained *incommunicado* without charge by the United States, who does not speak English, who has no access to family or friends, has indicated to a fellow detainee who is represented by counsel that he wishes to challenge his potentially indefinite detention without charge. *Rasul* and *Al Odah* give him the right to have counsel. The Protective Order provides the mechanisms by which detainees may access the counsel to which they are entitled. Petitioner [Qasim's] counsel have fully complied with the procedures necessary to meet with [Qasim]. Nothing more is necessary.

*Adem*, memo op. at 20. "Considering the lack of any possible prejudice to the Government from allow [Petitioner] to confirm his desire for representation in person rather than in writing, and weighing the importance of [Petitioner's] right to counsel, which he has been attempting to exercise for over a year," Petitioner respectfully requests that the Amended Protective Order be entered in this case and that he be given immediate direct access to counsel. *See Adem*, memo op. at 33.

Moreover, although the recently-enacted Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-06, 119 Stat. 2680, 2739-44 ("DTA"), raises jurisdictional questions that may affect the ultimate forum, the entry of the Amended Protective Order does not have any "bearing

3

on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem*, memo op. at 22. As the court appropriately noted in *Adem*:

> [T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court. Moreover, it will undoubtedly take months for the courts to grapple with the jurisdiction and retroactivity questions . . . *Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless.*

*Id.* at 22 n. 25 (emphasis added). Indeed, "Respondents concede, as they must, that the Protective Order remains in effect" in each of the Guantánamo cases in which it was entered. *Id.* at 21. Counsel for other detainees continue to conduct attorney-client meetings at Guantánamo pursuant to its terms and the ability of the Court to enforce compliance with the Amended Protective Order.

Finally, it is well established that Courts "always have jurisdiction to determine their jurisdiction." *Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F. 2d 234, 239 (D.C. Cir. 1981) (citations omitted). Courts have judicial power "to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction." 21 C.J.S. Courts § 88 (2005) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-77 (1938)). At the very least, this court has the authority to determine whether it retains jurisdiction over this case, and should order Respondents to permit counsel to meet in person with Petitioner Qasim to discuss whether he will authorize counsel to represent him directly. Entry of the Amended Protective Order, therefore, will not affect the Court's jurisdiction and will merely allow Petitioner Qasim to speak with his attorney, a right he requested over a year ago.

Pursuant to Local Civil Rule 7(m), the undersigned counsel for petitioner conferred with respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion. A proposed Order is attached as Exhibit E. Although Petitioner is moving for entry

4

of the Amended Protective Order, he reserves the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

Dated: April 11, 2006.
New York, New York

Respectfully submitted,

Counsel for Petitioners:

/s/ _____
Barbara J. Olshansky
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6485

5