IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MUHAMMED QASIM, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1779 (JDB) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION TO ENFORCE ORDER OF NOVEMBER 4, 2005 GRANTING
ACCESS TO COUNSEL AND FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby oppose petitioners' motion to enforce Judge Oberdorfer's November 4, 2005 Order and for entry of the protective order in this case (dkt. no. 14).

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). Accordingly, the Court lacks jurisdiction to order the relief requested by petitioners. The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.² In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).³

---

² In this vein, four Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

³ Petitioners' argument that the Court should enter the Protective Order in this case and permit counsel access to petitioner Qasim at Guantanamo Bay because "this court has the authority to determine whether it retains jurisdiction over this case," Pet's Mem. at 4, ignores the procedural posture of this action. Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 13), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases. During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit. Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered. Accordingly, respondents

Petitioners request that the Court "enforce" Judge Oberdorfer's November 4, 2005 Order in this case, which they claim granted petitioner Qasim "the right to discuss whether he desires the undersigned counsel to represent him directly." Pets' Mem. at 2. To the contrary, Judge Oberdorfer's November 4, 2005 Order, which also granted respondents' motion for order to show cause why this case should not be dismissed for lack of proper "next friend" standing, simply required

> that Petitioners and Respondents consult with Magistrate Judge Kay as soon as is practicable . . . to discuss how counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly.

Order dated November 4, 2005 (Oberdorfer, J.) (dkt. no. 6).[4] Counsel for the parties have fully complied with the November 4, 2005 Order by consulting with Magistrate Judge Kay regarding counsel access to the detainees on several occasions over the past months. During these consultations, respondents proposed a slightly modified version of access to detainees through the mail system that is already available to individuals outside Guantanamo Bay. Instead, counsel for petitioners elected to attempt to satisfy the next friend standing requirements under Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), by meeting with some of the next friend

---

oppose entry of the Protective Order in this case, as well as counsel access to petitioner Qasim until it is established that the petition in this case is properly authorized. In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to grant the relief requested by petitioners. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

[4] Judge Oberdorfer's November 4, 2005 Order was also entered in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), Nabil v. Bush, No. 05-CV-1504 (RMC), Al Hawary v. Bush, No. 05-CV-1505 (RMC), Shafiiq v. Bush, No. 05-CV-1506 (RMC), and Kabir v. Bush, No. 05-CV-1704 (JR).

petitioners in the cases.[5]  See Pets' Mot., Exs. B-D.  Upon review of counsel's submissions, counsel for respondents notified Magistrate Judge Kay that these submissions were not sufficient in respondents' view to establish proper next friend standing pursuant to the Supreme Court's Whitmore standard.  Magistrate Judge Kay has taken the parties' respective positions under advisement.  Given that the parties have already complied with Judge Oberdorfer's November 4, 2005 Order requiring consultations with Magistrate Judge Kay, petitioners' request that the Court "enforce" this Order should be denied.

Further, petitioners possess no separate right of access to counsel that warrants the application of the protective order to this action notwithstanding the jurisdictional infirmities present in this case.  See Pets' Mem. at 2-3.  In Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted.  See id. at 4-5, 7-8.  Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, Al Odah does not compel the relief requested by petitioners.

Finally, petitioners' reliance on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37), in support of their position is misplaced because the Magistrate Judge's Order is clearly erroneous and

---

[5] Although counsel met with the next friend petitioners in other cases subject to Judge Oberdorfer's November 4, 2005 Order, counsel did not meet with Isa Ali Al-Murbati, the next friend petitioner in this action.

- 4 -

contrary to law. Respondents address the reasons the Order is contrary to law in Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006, which is attached and is incorporated herein. See Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 38) (attached as Exhibit A).

In light of these factors, including the new, statutory withdrawal of the Court's jurisdiction; the sense of the Court to await anticipated guidance from the D.C. Circuit regarding the effect of the Act on the Guantanamo detainee cases before proceeding further in the cases; and the deficient "next friend" standing in this case, petitioners' motion for entry of the protective order should be denied and counsel should not be granted access to petitioner Qasim in this case.

Dated: April 27, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.

Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents