IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MUHAMMED QASIM,**<br>  *Petitioner/Plaintiff,*<br><br>v.<br><br><br>**GEORGE W. BUSH,** *et al.*,<br>  *Respondents/Defendants.* | Civil Action No. 05-CV-1779<br>(JDB) (LFO) (AK) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO ENFORCE ORDER OF NOVEMBER 4, 2005 GRANTING ACCESS TO COUNSEL AND FOR ENTRY OF PROTECTIVE ORDER**

  As described in Petitioner Qasim's Motion, he has been seeking legal assistance for over a year. Six months ago, this Court ordered the parties to determine "how" Petitioner Qasim could obtain access to undersigned counsel to determine whether he will provide direct authorization for representation, thus mooting the need for any next friend. Yet, to this day, the Respondents have refused to permit Petitioner access, much less meaningful access, to the undersigned pro bono counsel. Any further delay of Petitioner's ability to meet with his counsel is an unwarranted denial of his access to justice.

  In their opposition to Petitioner's Motion to Enforce Order of November 4, 2005, Respondents claim that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 removes this court's jurisdiction over Petitioner Qasim's petition for writ of habeas corpus, even over matters simply related to the Petitioner's access to counsel. Respondents ignore, however, that since the passage of the DTA numerous courts have granted precisely the relief Petitioners seeks here, namely, the entry of the Amended Protective Order and access to

existing pro bono counsel.[1]  Additionally, two opinions have been issued addressing detainees access to counsel that expressly rejected the Respondents' efforts to preclude detainees' access to counsel pending the outcome of appellate court decisions concerning the impact of the DTA upon pending cases.[2]  As Petitioner explained, the entry of the Amended Protective Order does not have any "bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention."  *Adem v. Bush, et al.*, Civil Action No. 05-723, mem. op. at 22 (D.D.C. March 14, 2006) (Kay, M.J.).  As the court appropriately noted in *Adem*:

> [T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court. Moreover, it will undoubtedly take months for the courts to grapple with the jurisdiction and retroactivity questions . . . *Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless.*

*Id*. at 22 n. 25 (emphasis added).  In denying the Respondents' Motion for Stay and Reconsideration of the Opinion and Order in *Adem*, the court also stated that:

> The premise of [Respondents'] argument – that this court is without jurisdiction to entertain any habeas corpus petition filed by a Guantanamo detainee, including one already pending when the Detainee Treatment Act was signed into law on December 30, 2005 – is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit.  *See Khalid v. Bush*, 355 F. Supp.2d 311 (D.D.C. 2005), *appeal docketed sub nom*, *Boumediene v. Bush*, Nos. 05-5062, 05-5063 (D.C. Cir., Mar. 10, 2005).  Until that dispute is resolved, respondents' argument is premature.

*Adem v. Bush, et al.*, Civil Action No. 05-723, mem. op. at 16 (D.D.C., Apr. 28, 2006).

Respondents also misread the Court's Order to Show Cause, dated November 4, 2005 (Oberdorfer, J.) [dkt. no. 6] ("November 4, 2005 Order") in this case, claiming that their mere

---

[1] *Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006).

[2] *See, e.g., Adem v. Bush, et al.*, Civil Action No. 05-723, memo. op. (D.D.C. Mar. 14, 2006), *reconsid. denied*, mem. op. (D.D.C. Apr. 28, 2006).

2

presence during a series of unproductive status conferences satisfies the mandate of the Order. During those status conferences, the Respondents refused to provide Petitioner with access to his counsel to determine whether he will authorize the undersigned counsel to represent him directly.

The plain meaning of the text is the starting point for interpreting a court order. *See*, .*e.g.*, *Armstrong v. Executive Office of the President*, 830 F. Supp. 19, 22 (D.D.C. 1993) ("[g]iving plain meaning to [the] language" of the protective order). Here, the relevant provision of the Order states

> ORDERED: that Petitioners and Respondents consult with Magistrate Judge Jay as soon as is practicable (but in any event before the hearing) to discuss *how* counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly.

November 5, 2005 Order at 5 (emphasis added).

Pursuant to the plain meaning rule, the Order is clear: the parties have been instructed to determine "how" -- not "whether" or "if" -- Petitioner may have direct access to his counsel to determine whether he authorizes them to represent him. Moreover, contrary to Respondents' claims, Resp's Opp. at 4, this access is expressly not dependent upon a "sufficient showing in respondents' view to establish proper next friend standing pursuant to the Supreme Court's *Whitmore* standard." The legal issues under *Whitmore v. Arkansas*, 495 U.S. 149 (1990), are properly pending before Judge Oberdorfer, who simultaneously issued the November 4, 2005 Order affording Petitioner access to counsel to determine if he would authorize the undersigned counsel *directly* to represent him, thus rendering the next friend challenge moot. Respondents attempt to bootstrap their next friend challenge onto the Court's independent mandate to afford Petitioner an opportunity to meet with counsel. This is an improper effort to avoid the Order and the latest step in the Respondent's four year long stonewalling to obstruct the detainees' access to counsel. *See, e.g., Al Odah v. Bush*, 346 F. Supp.2d 1, 3-4 (D.D.C. 2004).

Respondents have failed to consult with Petitioner's counsel to identify dates, counsel access conditions, and other logistical matters necessary to afford Petitioner access to his counsel through a client meeting in Guantánamo, during which Petitioner Qasim can discuss his representation with the undersigned counsel pursuant to the November 4, 2005 Order. Accordingly, this Court should enforce the November 4, 2005 Order mandating Petitioner's access to counsel to determine whether he will directly authorize them to represent him.

Finally, courts have rejected the Respondents erroneous reading of the district court decision in *Al Odah v. United States*, 346 F. Supp.2d 1 (D.D.C. 2004). *See Adem v. Bush*, et al., Civil Action No. 05-723, mem. op. at 17 ("Adem has a right to counsel under the rule in *Al Odah v. United States*, 346 F. Supp. 2d 1, 8 (D.D.C. 2004)."). In *Al Odah*, the court considered "two narrow but crucial questions," the first of which was "whether the detainees are entitled to counsel as they pursue their claims" in their habeas petitions. *Al Odah*, 346 F. Supp.2d at 2. In *Al Odah*, the Respondents took the position that the detainees "had no right to representation, constitutional or otherwise, as they pursued their claims in federal court." *Id*. at 3. In rejecting the claim the Respondents now revive, the court found that "Petitioners are entitled to be represented by counsel pursuant to the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651." *Id*. at 5.

The Respondents cite yet again to the Detainee Treatment Act as grounds for rejecting the entitlement to legal representation established under the rule in *Al Odah*. Yet, for the reasons stated above, Respondents' rejections of *Al Odah* is also premature. The applicability of the Detainee Treatment Act upon pending habeas petitions, such as the one at issue here, is unresolved and until Court of Appeals for the District of Columbia settles this question, this Court continues to exercise jurisdiction over Petitioner Qasim's habeas petition.

Moreover, a year and a half ago, the *Al Odah* court recognized the injustices faced by the detainees in Guantánamo who were pursuing habeas petitions through their next friends:

> They have been detained virtually incommunicado for nearly three years without being charged with any crime. To say that Petitioners' ability to investigate the circumstances surrounding their capture and detention is "seriously impaired" is an understatement. The circumstances of their confinement render their ability to investigate nonexistent. Furthermore, it is simply impossible to expect Petitioners to grapple with the complexities of a foreign legal system and present their claims to this Court without legal representation. Petitioners face an obvious language barrier, have no access to a law library, and almost certainly lack a working knowledge of the American legal system. Finally, this Court's ability to give Petitioners' claims the "careful consideration and plenary processing" which is their due would be stymied were Petitioners to proceed unrepresented by counsel.

Now after four years of indefinite and incommunicado detention, these difficulties have only dramatically compounded for individuals like Petitioner Qasim, who has been attempting for over a year to obtain access to legal counsel without avail. Although Petitioner Qasim learned of the historical decision in *Rasul v. Bush*, 542 U.S. 466 (2004), at some point in late 2004, he has been unable to secure legal assistance through his communications, if any, with his family. Indeed, his only practical, and trustworthy, means of securing counsel has been by submitting a verbal request for legal assistance to a trusted fellow prisoner to deliver to his own attorney. *See* Pet's Mot., Exhibits B-D. Although Petitioner Qasim did so over a year ago, he has yet to learn of his legal representation or to have an opportunity to meet with the undersigned counsel.

In sum, this Court should reject the Respondents' efforts to further delay Petitioner Qasim's access to counsel. Petitioner is "entitled to counsel, in order to properly litigate the habeas petitions presently before the Court and in the interest of justice." *Al Odah*, 346 F. Supp.2d at 8. Pursuant to this right, the Court should enforce its November 4, 2005 Order and mandate that Respondents promptly schedule a client meeting in Guantánamo between Petitioner

5

and the undersigned counsel "to determine is [he] will authorize counsel to represent [him] directly." November 4, 2005 Order at 5.

Dated: May 5, 2006.
New York, New York

Respectfully submitted,

Counsel for Petitioners:

  /s/
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6485

6