**TAB 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MOAZZAM BEGG,** *et al.* | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-CV-01137 (RMC) |
| | ) | |
| **GEORGE W. BUSH,** *et al.* | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

**MOTION FOR AN ORDER REQUIRING PARTIES TO ABIDE BY PROPOSED PROCEDURES FOR COUNSEL ACCESS AND REQUEST FOR EXPEDITION**

Petitioners Moazzam Begg ("Petitioner Begg") and Feroz Ali Abbasi ("Petitioner Abbasi") (collectively "Detained Petitioners"), respectfully move for an order requiring the parties to abide by the proposed "Procedures for Counsel Access," Exhibit A. The grounds for said motion are contained in the accompanying memorandum of points and authorities.

Respectfully submitted,

\_\_\_\_/s/_____
*Shayana Kadidal
D.C. Bar No. 454248
CENTER FOR CONSTITUTIONAL
  RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
(212) 614-6464 (tel)
(212) 614-6499 (fax)

Lawrence S. Lustberg
Gitanjali S. Gutierrez
GIBBONS, DEL DEO, DOLAN, GRIFFINGER
  & VECCHIONE, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 596-4493 (tel)
(973) 639-6243 (fax)
*Counsel for Petitioners*

Michael Ratner
Barbara Olshansky

Clive Stafford-Smith
JUSTICE IN EXILE
636 Baronne Street
New Orleans, Louisiana 70113
(504) 558-9867 (tel)
*Counsel for Petitioner Moazzam Begg*

1

    CENTER FOR CONSTITUTIONAL
      RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
(212) 614-6464 (tel)
(212) 614-6499 (fax)
*Counsel for Petitioners*


Dated: October 22, 2004.

# Exhibit A

**PROCEDURES FOR COUNSEL ACCESS FOR CLIENTS
HELD AT THE US NAVAL BASE, GUANTANAMO BAY, CUBA**

I. **Applicability**

The following procedures shall govern the access to counsel for petitioners in this case for purposes of habeas corpus or other litigation in federal court during the period of their detention in the US Naval Base in Guantanamo Bay, Cuba.

These procedures do not apply to counsel who are retained solely to assist in the defense of either individual in a trial by military commission. Access by such defense counsel is covered by the Procedures for Monitoring Communications Between Clients Subject to Trial by Military Commission and their Defense Counsel Pursuant to Military Commission Order No. 3.

II. **Definitions**

  A. <u>Communications</u>: All forms of communication between counsel and a client, including oral, written, or by any other means.

  B. <u>Counsel</u>: Unless otherwise stated, an attorney who is employed or retained by or on behalf of a client for purposes of representing him in habeas corpus or other litigation in federal court in the United States, and who is admitted, either generally or pro hac vice, in the jurisdiction where the habeas petition or other litigation is pending. Unless otherwise stated, "counsel" also includes co-counsel, interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

  C. <u>Privilege Team</u>: A team compromised of one or more Department of Defense ("DoD") attorneys and one or more intelligence or law enforcement personnel who have not taken part in, and, in the future, will not take part in, any domestic or foreign court or military proceeding involving the client as a party, witness, or in any other capacity.

  D. <u>Legal Mail</u>: Legal mail is defined as letters written between counsel and a client that are related to the counsel's representation of the client, as well as privileged documents and publicly-filed legal documents relating to that representation.

III. **Requirements for Written, Telephonic, or Personal Access to and Communications with Clients**

  A. <u>Security Clearance</u>:

    1. Counsel must hold a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).

    2. Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency who granted the

        clearance. Access will be granted only after DoD verification of the security clearance.

    3. Counsel who does not currently possess a Secret clearance will be required to submit an application for such clearance to the Department of Justice Court Security Office.

B. <u>Acknowledgement of and Compliance with Access Procedures</u>

    1. Before being granted access to the client, counsel will receive a copy of these procedures. To have access to the client, counsel must agree to comply fully with these procedures and must sign an affirmation acknowledging his/her agreement to comply with them.

    2. This affirmation will not be considered an acknowledgment by counsel that the procedures are legally permissible. Even if counsel elects to further challenge these procedures, counsel may not knowingly disobey an obligation imposed by the procedures.

    3. The DoD expects that counsel, counsel's staff, and anyone acting on the instruction of the attorney will fully abide by the requirements of this document. Interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation must sign an affirmation acknowledging his/her agreement to comply with these procedures prior to meeting or corresponding with the client.

    4. Should counsel for the petitioner fail to comply with the procedures set forth in this order, DoD may deny access to or communication with the client and seek further relief in this Court.

    5. Counsel for the government assigned to this case shall agree to comply fully with these procedures and must sign an affirmation acknowledging his/her agreement to comply with them.

    6. Should counsel for the government fail to comply with the procedures set forth in this order, he/she shall notify the Court and counsel for the client promptly and seek to remedy the violation.

C. <u>Verification of Representation</u>

    1. Prior to being permitted access to the client, counsel must provide DoD with a *Notification of Representation*. This Notification must include the counsel's licensing information, business and email addresses and phone number, as well as the name of the client being represented by the counsel. Furthermore, the counsel must provide sufficient details regarding the circumstances of his/her retention to demonstrate the counsel's authority or standing to bring a habeas or other federal court action on the client's behalf.

2. After meeting with the client, counsel must provide the DoD with an *Acknowledgement of Representation*. This document shall be provided by DoD and shall be signed and submitted as soon as is practical.

3. If the counsel withdraws from representation of the client or if the representation is otherwise terminated, counsel is required to inform DoD immediately of that change of circumstances.

4. Counsel must provide DoD with a signed representation stating that (a) to the best of counsel's knowledge after reasonable inquiry, the source of funds to pay counsel any fees or reimbursement of expenses are not funded directly or indirectly by persons or entities the counsel believes are connected to terrorism or the product of terrorist activities, including "Specially Designated Global Terrorists," identified pursuant to Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079 (Jan. 23, 1995), and (b) counsel has complied with ABA Model Rule 1.8(f).

D. Logistics of Counsel Visits

1. Counsel shall submit to the Department of Justice ("DOJ") any request to meet with a client. This request shall specify the date(s) of availability for the meeting, the desired duration of the meeting and the language that will be utilized during the meeting with the client. Reasonable efforts will be made to accommodate the counsel's request regarding the scheduling of a meeting. Once the request has been approved, DOJ will contact counsel with the date and duration of the meeting.

2. Legal visits shall take place in a room designated by Joint Task Force - Guantanamo ("JTF-Guantanamo").

3. Due to the mission and location of the US Naval Base at Guantanamo Bay, Cuba, certain logistical details will need to be coordinated by counsel prior to arrival. This includes arrangements for travel and lodging. Specific information regarding these issues will be provided by DOJ.

**IV. Procedures for Correspondence Between Counsel and Client**

A. Mail Sent by Counsel to a Client ("Incoming Mail")

1. Counsel shall send incoming legal mail directly to the appropriate JTF-Guantanamo staff section for delivery to the client. The outside of the envelop or mailer for the correspondence shall be labeled clearly with the following annotation: "Attorney-Client Materials - for mail delivery to client, [name]." No staples, paper clips, or any non-paper items shall be included with the documents.

2. Upon receiving the Attorney-Client Materials, personnel at the US Naval Base in Guantanamo will not open the envelop/mailer. Within two (2) business days of receipt of the communication, personnel at the US Naval

    Base will deliver the envelop/mailer to the client. If counsel desires confirmation that the communication was delivered to a client, counsel is responsible for providing a stamped, self-addressed envelop for that purpose.

  3. Counsel may send regular, non-legal incoming mail to the client through the United States Postal Service (mailing address: Client's Name, 160 Camp X-Ray, Washington, D.C. 20355). These nonprivileged communications will be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

  4. Counsel is required to treat all written and verbal statements of a client as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise. Accordingly, if a counsel's correspondence contains any summary or recitation of or reference to a communication with a client that has not been previously determined to be unclassified, it shall be prepared, marked, transported, and handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information and Security Supplement to DOD Regulation 5200.1R.

  5. Written (and verbal) communications with the clients shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not reasonably related to the counsel's representation of that client; or security procedures at GTMO (including names of U.S. government personnel and the layout of camp facilities) not reasonably related to counsel's representation. Counsel shall not discuss with the client information about the status of other detainees that is not reasonably related to the counsel's representation of the client.

B. <u>Mail Sent by Client to Counsel ("Outgoing Mail")</u>

  1. Clients will be provided with paper to prepare communications to their counsel. In the presence of military personnel, the client will seal the written communication into an envelop and it will be annotated as "Attorney-Client Materials - for mail delivery to counsel." Each envelop shall also be labeled with the name of the client and the counsel.

  2. Military personnel will collect the outgoing legal mail within one (1) business days of being notified by the client that the communication is prepared for sealing and mailing.

  3. After the outgoing legal mail is collected from the client, military personnel will seal the envelop into a large envelop/mailer marked as "Attorney-Client Materials" and will be annotated with the name of the client and the counsel. The envelop will be sealed and mailed or couriered in the manner required for classified materials. Within two (2) business

        days of receipt from the client, the communication will be mailed to counsel for the client in c/o the DOJ Court Security Office for delivery to the habeas counsel secure work site.

4. Clients are also permitted to send written communications to counsel through the United States Postal Service. These communications shall not be marked or treated as "Attorney-Client Materials' and will be reviewed by military personnel at Guantanamo under the standard operating procedures for client non-legal mail. Any mail sent through this process that is marked "Attorney-Client Materials" will be returned unopened to the client.

5. Communications from clients are treated as classified, unless and until determined to be otherwise by the privilege team.

## V. Materials Brought Into a Client Meeting by Counsel

A. Counsel shall only bring legal mail, as defined in II.D., into any meeting with a client unless he/she has received prior approval from the Commander, JTF-Guantanamo.

B. As stated above, written and verbal communications with the clients shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not reasonably related to the counsel's representation of that client; or security procedures at GTMO (including names of U.S. government personnel and the layout of camp facilities) not reasonably related to counsel's representation. Counsel shall not discuss with the client information about the status of other detainees that is not reasonably related to the counsel's representation of the client.

## VI. Materials Brought Out of a Client Meeting by Counsel

A. Upon the completion of each meeting with a client or during any break in a meeting session, counsel will give the notes or documents used or produced during the meting to a designated courier at Guantanamo. These materials will be sealed in the presence of counsel and handled as classified materials as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulations 5200.1R.

B. Upon the completion of counsel's visit to Guantanamo, the notes or documents used or produced during the visit will be sealed in the presence of counsel and will be mailed or couriered for the counsel by government personnel for storage at counsel's secure work-site under the procedures for handling classified material.

C. Correspondence or messages from a client to individuals other than his counsel shall not be handled through this process. If a client provides these communications to his counsel during a visit, the counsel shall give those

communications to military personnel at Guantanamo for processing under the standard operating procedures for detainee non-legal mail.

## VII. Classification Determination of Client Communications

A. Counsel for the government shall make an ex parte submission under seal informing this Court of its instructions to the privilege team concerning the procedures for receiving, conducting, and communicating classification determinations of privileged attorney-client communications or information derived from these communications. Such instructions are subject to judicial modification to ensure that the attorney-client privilege is adequately protected.

B. No information derived from these submissions will be disclosed outside the privilege team pursuant to these procedures until after the privilege team has reviewed it for security and intelligence purposes. These communications will not be disclosed to any Government personnel involved in any domestic or foreign court or military proceeding involving the client as a party, witness, or in any other capacity.

C. Counsel may submit information learned from the client to the privilege team for a determination of its appropriate security classification, c/o the Department of Justice, Litigation Security Division, 20 Massachusetts Avenue, NW, Suite 5300, Washington, D.C. 20529-0001. The outside of the envelop or mailer shall be clearly labeled "Attorney-Client Materials - for classification review." Each envelop/mailer shall also be labeled with the name of the client and the counsel and shall indicate the number of pages contained within the document. Each page of the document shall be marked "Attorney-Client Materials" and "Classified."

D. The submission shall be prepared, marked, transported, and handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

E. The privilege team will forward its classification determination directly to counsel after a review and analysis period not to exceed:

1. Ten (10) business days for information that is written in the English language;

2. Twenty (20) business days for any information that includes writing in any language other than English, to allow for translations by the privilege team;

3. Thirty (30) business days for any information where the privilege team has reason to believe that a code was used, to allow for further analysis.

F. While conducting the classification review, the privilege team will promptly report to the Commander, JTF-Guantanamo information that reasonably could be expected to result in immediate and substantial harm to the national security. In his/her discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the communications to law enforcement, military, and

        intelligence officials as appropriate. Reasonable efforts will be made to notify counsel of all disclosures outside of the privilege team prior to disseminating the privileged communication. If, at any time, the Commander, JTF-Guantanamo determines that the communications relate to imminent acts of violence, the contents of the communications may be disclosed immediately to law enforcement, military, and intelligence officials and subsequent notice provided to counsel.

    G.    The privileged Attorney-Client Materials may retained by the privilege team only as provided for herein.

**VIII.  Telephonic Access to Client**

    A.    Requests for telephonic access to the client by counsel or other persons will not normally be approved. Such requests may be considered on a case-by-case basis due to special circumstances and must be submitted to Commander, JTF-Guantanamo.

    B.    Any telephonic access by counsel will be subject to appropriate security procedures, but shall not include contemporaneous monitoring or recording.

    C.    Any telephonic access by family members or others will be subject to appropriate security procedures, including contemporaneous monitoring and recording by the privilege team to protect national security interests.

    D.    The privilege team may terminate a non-counsel phone call immediately, if at any time, the team determines that the client or other person are:

        1.    Attempting to defeat or frustrate the monitoring of communications through the use of low-volume conversations, code, or discussions in a language other than previously agreed upon; or

        2.    Conveying information in furtherance of terrorist or other criminal operations or that reasonably could be expected to result in immediate or substantial harm to the national security, as determined by the Commander, JTF-Guantanamo under these procedures.

**IX.  Counsel's Handling and Dissemination of Information from the Client**

    A.    Subject to the terms of any protective order issued in this case, counsel may disseminate the <u>unclassified</u> contents of the client's communications for purposes reasonably related to their representation of that client.

    B.    All classified material must be handled, transported, and stored in a secure manner in accordance with Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R. Any information not subject to classification review by the privilege team, must be treated as classified information unless and until otherwise determined by the privilege team.

**X.    JTF-Guantanamo Security Procedures**

A. Counsel shall comply with the following security procedures and force protection safeguards applicable to the US Naval Base in Guantanamo Bay, Cuba, JTF-Guantanamo, and the personnel assigned to or visiting these locations, as well as any supplemental procedures implemented by JTF-Guantanamo personnel and provided to counsel in a timely manner.

B. Contraband is not permitted in JTF-Guantanamo and all visitors are subject to search upon arrival and departure. Examples of contraband include, but are not limited to, weapons, chemical, drugs, and materials that may be used in an escape attempt. Contraband also includes money, stamps, cigarettes, writing instruments, etc. No items of any kind may be provided to the client without the advance approval of the Commander, JTF-Guantanamo.

C. Photography or recording of any type is prohibited without the prior approval of the Commander, JTF-Guantanamo. No electronic communication devices are permitted. All recording devices, cameras, pages, cellular phones, PDAs, laptops, and related equipment are prohibited in or near JTF-Guantanamo. Should any of these devices be inadvertently taken into a prohibited area, the device must be surrendered to JTF-Guantanamo staff and purged of all information.

D. Upon arrival at JTF-Guantanamo, security personnel will perform a contraband inspection of counsel and translators/interpreters using metal detectors as well as a physical inspection of counsel's bag and briefcases, and, if determined necessary, a physical inspection of his/her person.

E. Following the meeting, counsel will again be inspected, using a metal detector and, if deemed necessary, by physical inspection of their person.