IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUHAMMED QASIM, *et al.*,<br><br>　　　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　　President of the United States,<br>　　*et al.*,<br><br>　　　　　Respondents. | Civil Action No. 05-CV-1779 (JDB) |

**RESPONDENTS' EMERGENCY MOTION FOR STAY AND RECONSIDERATION
OF MAGISTRATE JUDGE'S AUGUST 2, 2006 MEMORANDUM ORDER**

　　Respondents hereby object to and seek reconsideration of Magistrate Judge Alan Kay's August 2, 2006 Memorandum Order (dkt. no. 21) ("August 2 Memorandum Order") requiring that respondents permit counsel to meet with petitioner Muhammed Qasim, who is detained by the Department of Defense ("DoD") at the United States Naval Base in Guantanamo Bay, Cuba. Respondents are submitting this motion on an emergency basis because the Federal Public Defender's Office for the Eastern District of Pennsylvania, who just recently entered an appearance on behalf of petitioner Qasim on August 8, 2006 (dkt. no. 22), has requested a meeting with petitioner Qasim during counsel's previously scheduled visit to Guantanamo Bay to meet with detainees in other cases from August 21-24, 2006. Respondents should not be required to accommodate this request, which amounts to counsel taking advantage of a previously-scheduled visit to Guantanamo Bay by entering an appearance on behalf of an additional detainee in another case and seeking to add him to a confirmed visit schedule on a

last-minute basis,[1] and unreasonably constraining the Court's time to consider respondents' objections to the Magistrate Judge's Order, which include serious jurisdictional issues related to habeas corpus.  In any event, Magistrate Judge Kay's August 2 Memorandum Order requiring respondents to provide counsel access to petitioner Qasim should be vacated and set aside for the reasons that follow.

Respondents object to the August 2 Memorandum Order for the same reasons expressed in Respondents' Emergency Motion for Stay and Reconsideration of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), previously filed in Kiyemba v. Bush, No. 05-CV-1509 (RMU).  Respondents' memorandum, with exhibits, is attached as Exhibit A and incorporated herein by reference.  As explained more fully therein, the August 2 Memorandum Order is clearly erroneous and contrary to law for several reasons.  First of all, the Detainee Treatment Act of 2005 creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of aliens detained as enemy combatants at Guantanamo Bay, such as petitioner Muhammed Qasim, who is the subject of the Magistrate Judge's Order in this case.  Therefore, the Magistrate Judge had no jurisdictional basis to issue relief in this case.[2]

In addition, the Magistrate Judge clearly erred in concluding that the governing protective order and counsel access procedures in the Guantanamo habeas litigation do not require counsel to supply appropriate proof of authority to represent a detainee prior to being permitted

---

[1] The logistical feasibility of adding petitioner Qasim to counsel's previously-confirmed visit schedule is still under consideration.

[2] The effect of the Detainee Treatment Act on cases such as this remains pending before the Court of Appeals, and the impact of the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. ___, 126 S. Ct. 2749 (2006), on that issue is the subject of supplemental briefing in the Court of Appeals to be completed by August 15, 2006.

privileged access to the detainee.  To the contrary, the language, structure, and history of the counsel access procedures evidence a two-layer requirement regarding counsel's authority to bring and then maintain a habeas corpus petition on behalf of a Guantanamo detainee.  First, in a case such as this brought by a putative "next friend," prior to having privileged access to the detainee, counsel must produce sufficient evidence of counsel's authority to represent the detainee through a proper "next friend."  <u>See</u> Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing (dkt. no. 2) at 5-13.  Second, after having the opportunity to meet with the detainee, counsel must submit evidence of the detainee's authorization for counsel to represent him.  The Magistrate Judge clearly erred by conflating these separate, and practical, authorization requirements into a single requirement that counsel who purportedly represents a particular detainee must be provided with privileged access to the detainee on demand and then need only produce evidence of authority to represent the detainee after conducting privileged meetings with the detainee.  In reaching this conclusion, the Magistrate Judge created an extra-legal scheme for establishing jurisdiction in the Guantanamo habeas cases that is contrary to law, including the plain terms of the habeas statute and the well-established jurisprudence regarding next friend standing.  Further, by requiring the government to provide direct, privileged access to wartime detainees in a military detention facility for counsel merely purporting to represent a detainee, without any showing by counsel of proof of appropriate authority to represent the detainee directly or through a next friend satisfying appropriate standing requirements, the Magistrate Judge's Order offends separation of powers.  Accordingly, as more fully explained in the <u>Kiyemba</u> memorandum, the August 2 Memorandum

Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected therein should be set aside.

For these reasons, the Magistrate Judge's August 2 Memorandum Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected in the August 2 Memorandum Order should be set aside. At a minimum, the Court should stay the operation of the August 2 Memorandum Order, which requires respondents to "allow counsel to meet with the Petitioner as soon as possible," pending appropriate consideration of respondents' objections to the August 2 Memorandum Order.

Dated: August 11, 2006　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　PETER D. KEISLER
　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　DOUGLAS N. LETTER
　　　　　　　　　　　　　　　　　　　　　Terrorism Litigation Counsel

　　　　　　　　　　　　　　　　　　　　　　 /s/ Preeya M. Noronha
　　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT (D.C. Bar No. 431134)
　　　　　　　　　　　　　　　　　　　　　VINCENT M. GARVEY (D.C. Bar No. 127191)
　　　　　　　　　　　　　　　　　　　　　TERRY M. HENRY
　　　　　　　　　　　　　　　　　　　　　JAMES J. SCHWARTZ
　　　　　　　　　　　　　　　　　　　　　PREEYA M. NORONHA
　　　　　　　　　　　　　　　　　　　　　ROBERT J. KATERBERG
　　　　　　　　　　　　　　　　　　　　　NICHOLAS J. PATTERSON
　　　　　　　　　　　　　　　　　　　　　ANDREW I. WARDEN
　　　　　　　　　　　　　　　　　　　　　EDWARD H. WHITE
　　　　　　　　　　　　　　　　　　　　　MARC A. PEREZ
　　　　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　20 Massachusetts Ave., N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, DC  20530
　　　　　　　　　　　　　　　　　　　　　Tel:  (202) 514-4107
　　　　　　　　　　　　　　　　　　　　　Fax:  (202) 616-8470

　　　　　　　　　　　　　　　　　　　　　Attorneys for Respondents