PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MUHAMMED QASIM** <br> Guantanamo Bay Naval Station, <br> Guantanamo Bay, Cuba <br>      Petitioner <br> <br> V. <br> <br> **GEORGE W. BUSH, et. al.** <br>      President of the United States <br>      The White House <br>      1600 Pennsylvania Avenue, N.W. <br>      Washington, D.C. 20500; | CIVIL ACTION <br> (HABEAS CORPUS) <br> <br> No:   05-CV-01779 (JDB) <br> <br> JUDGE JOHN D. BATES |

**PETITIONER'S MOTION TO COMPEL
PRODUCTION OF FACTUAL RETURNS**

Petitioner, through counsel, hereby moves that the Court compel Respondents to provide factual returns to the Petition for Habeas Corpus Relief within 30 days. Respondents oppose this motion.

1. On September 6, 2005, a habeas corpus petition was filed on behalf of Petitioner. On July 20, 2006, this Court granted Petitioner's Motion for Entry of Protective Order. On August 2, 2006, Magistrate Judge Alan Kay issued a Memorandum Order granting Petitioner access to counsel. Undersigned counsel filed a *Memorandum of Understanding Regarding Access to Classified National Security Information* on August 10, 2006, and counsel subsequently has had

1

two visits with Petitioner. Petitioner has signed an authorization for counsel to represent him. To date, counsel for Petitioner has not received any factual information from the government regarding his case, including the status and circumstances of his arrest and detention.

2. Counsel needs the factual returns relating to Petitioner's case in order to represent him effectively, regardless of whether that representation takes place in this Court or the Court of Appeals. As this Court has stated, "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." Al-Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005).

3. Any jurisdictional questions that the Respondents may raise, moreover, should not affect Petitioner's right to receive the factual returns. Respondents will no doubt argue that under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, and the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600, jurisdiction has been transferred by Congress to the Court of Appeals. See Respondents' Notice of Military Commissions Act of 2006 (filed 10/18/06, doc. 34). While counsel for Petitioner dispute any such contention, that issue need not be resolved in order for the Court to rule on this motion. Counsel will have the right to receive the factual returns even if jurisdiction is transferred to the Court of Appeals. Indeed, this Court has so ruled:

> Because the Court has concluded that the outcome sought by petitioner through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question, and because this motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge. To do otherwise would unnecessarily prejudice petitioner's ability to

> timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney-client communication in this unique detention setting. . . .
>
> In ordering production of the factual returns, the Court takes note of the fact that, even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct, petitioner would be entitled to a review by the D.C. Circuit Court of "the status determination of the Combatant Status Review Tribunal," see Pub. L. No. 109-148, § 1005(c)(2)(C)(I), 119 Stat. 2680, 2742, and completion of any such judicial review would necessitate that petitioner's counsel have access to the CSRT records.

Al-Ghizzawi v. Bush, Civ. No. 05-2378 (JDB), Memorandum Opinion & Order at 3-4 (Aug. 9, 2006). This Court also observed that it was "possible that resolution of the jurisdictional question would require fact-finding," and thus production of the factual returns might become imperative for that reason as well. Id. at 4 (ordering that respondents transmit factual returns within 60 days).

    4. Undersigned counsel is requesting that the factual returns be ordered transmitted within 30 days so as to allow counsel to examine the information in the returns before making a submission to the Administrative Review Board (ARB) on Mr. Qasim's behalf by mid-February. It is counsel's understanding that submissions after that date are less likely to be considered by the ARB. In any event, since the factual returns consist of the classified records of Petitioner's hearing before the Combatant Status Review Tribunal (CSRT) and his first ARB, producing these records within 30 days will not be unduly burdensome for Respondents.

    5. Finally, it is only through the mechanism of the court ordering the government to provide factual returns that the status of non enemy combatants has come to light. Indeed, in Qassim v. Bush, 407 F. Supp. 198 (D.D.C. 2005), the government "knew about the CSRT

determination [finding of non enemy combatant status] but advised nobody," not even the court. Id. at 199.  Litigation revealed this fact – litigation that demonstrated the fundamental fairness of providing the factual returns to Petitioner's counsel.

**WHEREFORE**, for all of the foregoing reasons, Petitioner respectfully requests that this Honorable Court order Respondents to provide factual returns to his Petition for Habeas Corpus within 30 days.  A proposed order is attached.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated:  December 29, 2006

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Andrew I. Warden
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001

/s/Billy H. Nolas
Billy H. Nolas

Dated:  December 29, 2006