IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUHAMMED QASIM, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1779 (JDB) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |

### RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO COMPEL PRODUCTION OF FACTUAL RETURNS

Respondents hereby oppose Petitioner's Motion to Compel Production of Factual Returns (dkt. no. 35) filed by petitioner Muhammed Qasim. As explained below, petitioner's motion disregards the fact that this Court lacks jurisdiction. Furthermore, action by the Court on merits-related matters is inappropriate at this time, because impending rulings in two cases before the Court of Appeals for the District of Columbia Circuit will determine the manner in which this Court should handle and dispose of this case. Petitioner's motion, therefore, is inappropriate and should be denied.

### ARGUMENT

A.  **The Court Should Deny Petitioner's Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

Petitioner's motion should be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 05-CV-1779 (JDB) (dkt. no. 31), and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest

exclusive jurisdiction over this action in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens.[1] See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[2] See DTA § 1005(e)(2)–(3), as amended by MCA. Section 1005(e)(2) of the DTA

---

[1] Petitioner, whom respondents have identified as the detainee with Internment Serial Number ("ISN") 955, has been determined to be an enemy combatant. See Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A). (The November 3, 2006, declaration of Ms. Hecker states that three detainees "determined to no longer meet the definition of enemy combatant" remain detained at Guantanamo. However, since the date of the declaration, those three have been released from United States custody.)

[2] The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA

states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," see DTA § 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like this, challenging petitioner's detention as an enemy combatant. See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). In any event, with the enactment of the MCA, District Court jurisdiction has been unambiguously withdrawn.

Granting the relief petitioner requests would be an assertion of jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of

---

²(...continued)
§ 7.

Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Indeed, petitioner is not entitled to ignore the governing statutes and obtain relief from the Court, i.e., an order requiring the production of a factual return, as if the statutes do not exist. Whatever arguments may be marshaled in favor of the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as opposed to some other court. See Telecomms. Research & Action Ctr., 750 F.2d at 75, 78–79; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citation omitted)).

Indeed, the circumstances that existed at the time of the Court's grant of a motion for a factual return in another case, Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (dkt. no. 23), before the passage of the MCA, no longer exist now that the MCA has unambiguously divested this Court of jurisdiction. In Al-Ghizzawi, this Court granted the petitioner's motion after concluding that although the issue of the Court's jurisdiction remained unresolved, petitioner's counsel would eventually have access to factual returns either in this Court or in the Court of Appeals, and factual findings might be necessary to determine whether petitioner's challenge fell within the scope of the Court of Appeals' exclusive jurisdiction under the DTA. Id. at 3–4. After the

passage of the MCA, however, this Court's jurisdiction is no longer merely in doubt; rather, the MCA has explicitly and unambiguously withdrawn the district court's jurisdiction over pending habeas cases and vested exclusive jurisdiction in the Court of Appeals. See supra pp. 1–2; MCA § 7(a)–(b). Nor is there any doubt in this case that the petitioner's action falls within the scope of the MCA's provisions divesting the district court of jurisdiction. These provisions, by their plain terms, apply to any habeas corpus action filed by a petitioner "who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," as well as "any other action . . . relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such an alien. MCA § 7(a). Petitioner Qasim has been "determined by the United States to have been properly detained as an enemy combatant" through a Combatant Status Review Tribunal. See supra note 1; Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A).[3]

Accordingly, petitioner's motion for a factual return should be denied.[4]

B.      **The Court Should Deny Petitioner's Motion Because Issues Fundamental to This Case Are Awaiting Decision in the U.S. Court of Appeals for the D.C. Circuit.**

---

[3]Furthermore, petitioner Qasim's motion seeks relief beyond what the Court granted in Al-Ghizzawi. In addition to records of his Combatant Status Review Tribunal proceedings, Petitioner Qasim is also seeking records from his Administrative Review Board (ARB) proceedings. As explained infra pp. 7–9, petitioner's ARB proceedings would be outside the scope of this litigation even if the Court had jurisdiction.

[4]The issue of the effect of the MCA, which eliminates district court jurisdiction "without exception," see MCA § 7(b), and the DTA, which vests exclusive review in the Court of Appeals, on this Court's jurisdiction over Guantanamo detainee habeas cases, including the instant case, remains pending before the Court of Appeals. Indeed, the MCA was the subject of supplemental briefing in the Court of Appeals that was completed on November 20, 2006. It would not be appropriate for the Court to order petitioner's requested relief during the pendency of the jurisdictional issue, if ever.

Petitioner's motion also should be denied because issues regarding the court's jurisdiction and the proper handling and disposition of this case will be resolved in two cases currently pending before the United States Court of Appeals for the District of Columbia Circuit, In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).[5]  Petitioner's counsel makes no showing of any circumstances that would in any way warrant authorization of merits-related proceedings in advance of the D.C. Circuit ruling.

In the pending appeals, the D.C. Circuit will address significant issues regarding how Guantanamo detainees' challenges to their detention should proceed in this Court, if at all.  As mentioned supra note 4, the D.C. Circuit will consider the significance of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006.  Further, the Court of Appeals will determine the rights available, if any, to detainees at Guantanamo under the Fifth Amendment and various statutes and treaties.  In light of the potential for the D.C. Circuit's ruling to moot or at least significantly impact the legal bases for and future proceedings on petitioner's habeas petition and the likelihood that any decision by this Court regarding petitioner's motion would have to be relitigated or revisited once the Court of Appeals provides its guidance, this Court should deny petitioner's motion pending resolution of these appeals.

C.     **The Court Should Not Order the Production of a Factual Return in Any Event.**

Aside from the lack of jurisdiction and the pendency of the rulings of the D.C. Circuit, the Court also should not require the production and submission of a factual return in this case

---

[5] On appeal these cases are titled Al Odah v. United States, No. 05-5064, and Boumediene v. Bush, No. 05-5062.

because such action involves the disclosure to counsel of classified information, and the preparation of a return is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure is in question. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, as well as the outstanding jurisdictional issues and the pendency of the appeals before the D.C. Circuit, petitioner's motion for an order requiring production of a factual return should be denied.[6]

Furthermore, to the extent petitioner's motion asks the Court to require production of

---

[6] Although respondents maintain that a factual return should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006 and order the production of a factual return in this case, respondents request that in light of the logistical burdens involved, they be given at least 90 days to submit the factual return. The review of information in the return described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations, and Executive Orders, must be conducted. Furthermore, significant numbers of counsel in other pending Guantanamo cases have moved or are moving for orders requiring the submission of factual returns by respondents. In light of such factors, if the Court determines that the submission of a factual return is appropriate, the Court should grant respondents at least 90 days to produce the factual return in this case.

information related to petitioner's Administrative Review Board ("ARB") proceedings or information for use in such ARB proceedings, the motion should also be denied because such proceedings are not properly before this Court, nor are they a proper subject for this litigation. ARB proceedings are separate and distinct from proceedings before the Combatant Status Review Tribunals ("CSRTs") that determine whether detainees are properly classified as enemy combatants. ARB proceedings serve purposes unrelated to the issues raised by the habeas petition before the Court. The habeas petition, and thus any factual return that would be filed in connection with the petition, concerns whether a petitioner is properly subject to detention by the United States, that is, whether a detainee has been legitimately determined to be an enemy combatant and may therefore be detained for the duration of hostilities, if necessary. By contrast, ARB proceedings are designed to provide annual assessments not of whether a detainee is properly detained as an enemy combatant, but of whether it is in the interests of the United States to transfer or continue to detain an individual who has already been determined to be an enemy combatant in CSRT proceedings. A decision in an ARB proceeding is based on a weighing and balancing of factors such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (available at <http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not

justiciable.[7] See, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement").

For all of these reasons, petitioner has not established a sufficient factual or legal basis to justify an order requiring production of a factual return.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Compel Production of Factual Returns should be denied.

---

[7]Accordingly, petitioner's request for information related to ARB proceedings is, in essence, an improper request for discovery. "A habeas petitioner, [however,] unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); see also Harris v. Nelson, 394 U.S. 286, 297 (1969) (discovery in habeas proceedings is not automatic and cannot be "activated on [the petitioner's] own initiative."); cf. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (codifying Harris v. Nelson by allowing discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise" and requiring submission of the proposed discovery to the court for approval); id. Rule 1(b) (application of § 2254 Rules in non-§ 2254 cases is within court's discretion). In any event, for the reasons discussed in the text, any such discovery would be inappropriate.

Dated: December 29, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents