IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MUHAMMED QASIM, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1779 (JDB) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |

## RESPONDENTS' SUPPLEMENT TO OPPOSITION TO PETITIONER'S MOTION TO COMPEL PRODUCTION OF FACTUAL RETURNS

The government hereby supplements its earlier filed opposition, Resp'ts' Opp'n to Pet'r's Mot. to Compel Produc. of Factual Returns ("Opposition") (dkt. no. 36), as follows. A decision resulting from the Department of Defense Administrative Review Board ("ARB") process was made to the effect that petitioner Muhammed Qasim, identified as the detainee with Internment Serial Number (ISN) 955, is eligible for transfer out of United States custody. Until recently, certain results of Administrative Review Boards (ARBs) have not been treated as releasable to the public or to counsel for detainees. The government is hereby informing the Court and petitioner's counsel that the Department of Defense, through the ARB process, has determined that petitioner is eligible for transfer out of United States custody. The undersigned counsel was not previously aware that petitioner was determined to be eligible for transfer out of United States custody.

Because the Department of Defense has now determined that petitioner is eligible for transfer out of United States custody, there will not be an ARB conducted for petitioner this year. This is because the purpose of the ARB process is to determine whether a detainee is eligible for

release or transfer and, once the determination has been made that a detainee is eligible for release or transfer, it need not be made again. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba at 2 (July 14, 2006), available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf.

Accordingly, the pendency of an ARB for petitioner identified in petitioner's papers as a supposed justification for relief on his motion is not pertinent.

Such a determination that petitioner is eligible for transfer out of United States custody, as we explained in our opposition, Opposition at 7–9, is in no way inconsistent with the CSRT conclusion that the detainee is an enemy combatant. Instead, it means simply that the United States had determined within its discretion to no longer detain petitioner at Guantanamo and to pursue options for transfer out of United States custody.[1]

---

[1] This is not to say that new information concerning petitioner cannot be considered by the Department. If a detainee was previously found to be eligible for release or transfer, the new material is considered by the DOD Office for Administrative Review of the Detention of Enemy Combatants. If the evidence warrants, there is a mechanism for the conduct of a new CSRT.

Dated: February 8, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ JAMES C. LUH

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents