PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| **MUHAMMED QASIM** | : | |
| Guantanamo Bay Naval Station, | : | |
| Guantanamo Bay, Cuba | : | CIVIL ACTION |
|     Petitioner | : | (HABEAS CORPUS) |
| | : | |
| V. | : | |
| | : | No:   05-CV-01779 (JDB) |
| **GEORGE W. BUSH, et. al.** | : | |
|     President of the United States | : | |
|     The White House | : | JUDGE JOHN D. BATES |
|     1600 Pennsylvania Avenue, N.W. | : | |
|     Washington, D.C. 20500; | : | |
| | : | |

---

**PETITIONER'S RESPONSE TO
RESPONDENT'S SUPPLEMENT TO OPPOSITION TO
PETITIONER'S MOTION TO COMPEL PRODUCTION OF FACTUAL RETURNS**

---

In their supplemental filing, Respondents reveal for the first time that the Department of Defense Administrative Review Board ("ARB") has determined that Mr. Qasim is "eligible for transfer out of United States custody" (Resp's Supp'l Mem. at 1 (filed Feb. 8, 2007)). What is most astounding about this revelation is that it appears Petitioner's one and only ARB proceeding took place in the fall of 2005. Thus, the Department of Defense has continued to hold Mr. Qasim for approximately one and one-half years, despite his eligibility for transfer. This continued detention is plainly unlawful. Having inexplicably delayed informing counsel and the Court of

1

this ARB determination for so long, Respondents only now reveal this information so as to argue that there is less reason for this Court to order the production of the factual returns. The opposite is true.

While it is correct that the Department of Defense ARB determination means Mr. Qasim will not have an ARB hearing this year, this development does not lessen the need for the factual returns. Instead, it only makes the need for the factual returns all the more compelling: The ARB determination of eligibility for transfer makes it all the more likely that the factual returns will contain information supporting Mr. Qasim's claims that he was not an "enemy combatant," and that he is being unlawfully held in custody by the United States. Every day that his unlawful – and now, Respondents concede, unnecessary – confinement continues is a new irreparable injury.

Thus, as argued fully in Petitioner's Motion to Compel, Petitioner has a right to this information and a compelling need for it in order to litigate these matters effectively, whether in the District Court as a habeas claim, or the Court of Appeals under the Detainee Treatment Act. (See Pet. Motion to Compel Production of Factual Returns at 2-3 (filed Dec. 29, 2006)). See also Razakah v. Bush, Civil No. 05-2370 (EGS) (D.D.C. Jan 23, 2007) (Mem. Op. and Order) (granting motion for production of factual returns and holding that open jurisdictional questions being litigated in D.C. Circuit did not provide adequate reason to deny motion since factual returns will be needed regardless of resolution of jurisdictional question); Matin v. Bush, Civil No. 06-1679 (RMU) (D.D.C. Feb. 14, 2007) (Order) (granting motion for protective order and directing factual returns be filed within 30 days); Naseer v. Bush, Civil No. 06-1689 (RMU) (D.D.C. Feb 14, 2007) (Order) (same).

The needed investigation, moreover, requires travel not only to Guantanamo, Cuba to interview Mr. Qasim, but also to Afghanistan to interview witnesses who knew Mr. Qasim there. Given these logistical difficulties, it is imperative that the factual returns be produced as soon as possible so that the time-consuming investigation can go forward and be conducted before memories fade. Mr. Qasim, who was taken into custody in Afghanistan on February 7, 2003, has now spent over four years in unlawful custody and without charges. Clearly, too much precious time has already been wasted, and the investigation based on the factual returns needs to proceed as quickly as possible.

This Court should note that the ARB determination that Mr. Qasim is eligible for transfer hardly means that his transfer to Afghanistan is imminent, or indeed that it will ever occur. Mr. Qasim has informed counsel (as reflected in notes that are unclassified) that the ARB that determined him to be eligible for transfer took place in the fall of 2005. The Department of Defense has thus continued to hold him for about one and one-half years without transfer despite his "eligibility."

Further, Respondents note in their supplemental memorandum that the Department of Defense reserves the right to change its mind regarding the eligibility for transfer since "new information" can be considered by the Office of Administrative Review, and "there is a mechanism for the conduct of a new CSRT." (Resp. Supp'l Memo at 2 n.1). As Justice Ginsburg stated in a similar case presenting analogous circumstances, "Although the Government has recently lodged charges against Padilla in a civilian court, nothing prevents the Executive from returning to the road it earlier constructed and defended. A party's voluntary cessation does not make a case less capable of repetition or less evasive of review." Padilla v.

3

Hanft, 126 S. Ct. 1649, 1651 (2006) (Ginsburg, J., dissenting from denial of certiorari). Respondents here, likewise, may "return to the road [they] earlier constructed" by determining that Mr. Qasim is no longer eligible for transfer.

In sum, Respondents should not be permitted to continue delaying and frustrating the production of factual returns that, one way or another, they eventually will have to produce. And they should not be permitted to use their delayed revelation of Mr. Qasim's eligibility for transfer as yet a further justification for not producing these returns.

**WHEREFORE**, for all of the foregoing reasons, Petitioner respectfully requests that this Honorable Court order Respondents to provide factual returns to his Petition for Habeas Corpus within 30 days.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: February 16, 2007