PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MUHAMMED QASIM** | : <br> : <br> : CIVIL ACTION <br> : (Habeas Corpus) <br> : <br> **Petitioner,** : <br> : <br> v. : No. 05-cv-01779-JDB <br> : <br> **GEORGE W. BUSH,** : <br>   President of the United : <br>   States, *et al.*, : <br> : <br> **Respondents.** : <br> : <br> : |

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS HABEAS PETITION FOR LACK OF JURISDICTION**

Respondents in the above captioned case recently filed a motion to dismiss Petitioner's habeas petition. Petitioner has filed a motion before this Court to stay the proceedings and have them held in abeyance. See *Petitioner's Motion to Stay and Hold Proceedings in Abeyance* (filed on April 11, 2007). Petitioner opposes the motion to dismiss on the grounds set forth in his motion to stay, to which Petitioner respectfully refers the Court.

Petitioner requests that the Court grant his motion to stay proceedings and hold his habeas petition in abeyance. In the alternative, if the Court denies that request, Petitioner requests that the

Court transfer his existing habeas to the Court of Appeals. Indeed, Respondents have argued in the past that, in the alternative, the Court should transfer the Petition to the Court of Appeals under Sections 1005(e)(2) and (e)(3) of the DTA. See *Motion to Dismiss* at 5 - 7; *Response* at 3.

If this Court were to consider such a "transfer" as a way of resolving the current motions pending before this Court, the Court must also recognize that "[t]here is nothing absurd about a scheme under which pending habeas actions—particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed—are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review." Hamdan v. Rumsfeld, 126 S.Ct. 2749, 2769 (2006). Thus, a part of any "transfer" of Petitioner's habeas action to the Court of Appeals, would have to include a preservation of the arguments, protective order, and due process that attend Petitioner's habeas actions. Interpretations of the DTA that preclude judicial review of Petitioner's constitutional claims have raised substantial constitutional questions. Those questions will ultimately be decided by the Court of Appeals. Abeyance or transfer of Petitioner's existing habeas petition will work to properly preserve his constitutional challenges to the Detainee Treatment Act procedures.

**WHEREFORE**, for all of the foregoing reasons, Petitioner respectfully requests that this Honorable Court maintain the stay and hold habeas corpus proceedings in abeyance pending exhaustion under the DTA and a final resolution of the question of this Court's jurisdiction, or, in the alternative, Petitioner requests that the Court transfer his habeas petition to the Court of Appeals as previously requested by Respondents.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Matthew Lawry (PA 87221)
Supervisory Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Brett Sweitzer (PA 82601)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated:   April 30, 2007

Certificate of Service

      I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Robert Loeb
Mr. Terry Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/ Billy H. Nolas
Billy H. Nolas


Dated:  April 30, 2007